## PAUL ENDRESS *v.* JOHN F. NELP.

1. It is no cause for a new trial that an attorney submits a cause to trial without notice to his client, although the client is thereby deprived of an opportunity of bringing forward additional testimony.
2. Probable ground for the reversal of a judgment must be shown in a petition asking for a new trial.

SPECIAL TERM.—Petition for a new trial and to enjoin proceedings on a judgment rendered against the plaintiff herein, at a former term.

The facts are sufficiently stated in the decision.

*Rairden & Bocking,* for plaintiff.

*Walker, Kebler & Force,* for defendant.

GHOLSON, J. In this case, which is a petition under the code for a new trial, filed June 15, 1857, an application was made for an injunction to restrain proceedings on the judgment which had been rendered against the plaintiff. The finding of the court as to which a new trial is asked, was made at the October term, 1856. The ground for the new trial is, that the case was submitted without any actual knowledge on the part of plaintiff, and he had important testimony which he would have brought before the court. That he did not know until about January 1, 1857, that the case had been submitted and a finding made, and an interlocutory order entered by the court.

It appeared from the papers in the original action, that after the now plaintiff, Endress, had actual notice of the order, a report was made by the master and a judgment entered on the report, he being represented both before the master and in the final hearing of the case upon the report. This hearing resulted in a final judgment, and on that the execution has

been issued, which it is the object of the present application to stay, and I hold:

1. That the application is too late, either upon the ordinary principles governing such cases or under any of the provisions of the code.

2. That the plaintiff having been represented by his counsel, as shown by his own answer in the original case, and that counsel having submitted the case, can not be permitted to allege the ground of surprise. It must be considered that he was represented and had notice. Such an indirect way of attacking the acts of counsel who appear for a party, can not be permitted. In this case, the counsel, who appeared and submitted the case, are the same who prepared the answer which is sworn to by the present plaintiff. Their names, signed as counsel, appear immediately above his name. He can not deny their authority to represent him in the case, or avoid the effect of a submission of the case. If the case was submitted prematurely, without notice to him, and without giving him an opportunity of bringing forward other testimony in his power, this is no ground of mistake or surprise which will justify a new trial.

On either ground, therefore, there is difficulty in the way of the plaintiff's success, which shows that there is no probable ground to expect the granting a new trial when the present proceeding shall be determined. It is only upon this probable ground that the court can properly interfere by an injunction, and the application will therefore be refused.

Petition is dismissed.